## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | |
|---|---|
| **IRMA DELGADO**, on behalf of herself and all other employees similarly situated, known and unknown, | CIVIL ACTION |
| Plaintiffs, | **FILED: JULY 16, 2008**<br>**08CV4046**<br>**JUDGE HART** |
| v. | **MAGISTRATE JUDGE ASHMAN**<br>**AEE** |
| **NORTH ELSTON FRUITS & VEGETABLES, INC. d/b/a Stanley's**, an Illinois corporation, **TOULA PANAYOTAROS a/k/a Toula Peters**, individually, **STANLEY PANAYOTAROS a/k/a Stanley Peters**, individually, and **PETER PANAYOTAROS**, individually, | |
| Defendants. | JURY DEMAND |

## COMPLAINT

The plaintiff, **IRMA DELGADO** (the "Plaintiff"), on behalf of herself and all other employees similarly situated, known and unknown, by and through her attorneys of record, hereby complains of the defendants, **NORTH ELSTON FRUITS & VEGETABLES, INC. d/b/a Stanley's** ("STANLEY'S"), an Illinois corporation, **TOULA PANAYOTAROS a/k/a Toula Peters** ("TOULA PETERS"), individually, **STANLEY PANAYOTAROS a/k/a Stanley Peters** ("STANLEY PETERS"), individually, and **PETER PANAYOTAROS**, ("PETER PANAYOTAROS"), individually, (collectively the "Defendants"), and pleading hypothetically and in the alternative, alleges as follows:

### I.     INTRODUCTION

1.     This action arises under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*, as a result of the Defendants' failure to pay overtime compensation

to the Plaintiff, and to other similarly situated employees of the Defendants (the "Plaintiff Class"). The Plaintiff and the Plaintiff Class routinely worked in excess of 40 hours per week for the Defendants, but the Defendants failed and refused to pay them time-and-one-half overtime compensation for those hours, as the FLSA requires. Additionally, the Defendants may have failed to pay the Plaintiff and the Plaintiff Class for certain hours at a rate not less than Illinois's mandatory minimum. In Count I, the Plaintiff brings claims pursuant to Section 216(b) of the FLSA.

2.    In Counts II and III, the Plaintiff brings supplemental claims pursuant to the Illinois Minimum Wage Law ("IMWL"), 820 ILCS 105/1 *et seq.*, the Illinois Wage Payment and Collection Act ("IWPCA"), 820 ILCS 115/1 *et seq.*, and the Attorneys' Fees in Wage Actions Act ("AFWAA"), 705 ILCS 225 *et seq.* The rights and remedies set forth in these statutes are generally similar and analogous to those that Congress set forth in the FLSA.

## II.   **THE PARTIES**

3.    The Plaintiff is an individual domiciled in the State of Illinois, and resides within this judicial district.

4.    Upon information and belief, the following defendants are individuals domiciled in Illinois who reside within this judicial district: a) TOULA PETERS; b) STANLEY PETERS; and c) PETER PANAYOTAROS.

5.    The defendant, STANLEY'S, is an Illinois corporation whose registered office is located at 1220 Long Meadow Lane, Lake Forest, IL 60045-1581.

6.    At all times relevant to this action, TOULA PETERS is and was the president of STANLEY'S.

2

7.      Upon information and belief, at all times relevant to this action, the following defendants held/hold an ownership interest in STANLEY'S: a) TOULA PETERS; b) STANLEY PETERS; and c) PETER PANAYOTAROS.

8.      Upon information and belief, at all times relevant to this action, the following defendants exercised/exercise control over significant aspects of STANLEY'S day-to-day operations: a) TOULA PETERS; b) STANLEY PETERS; and c) PETER PANAYOTAROS.

**III.   JURISDICTION AND VENUE**

9.      Federal question jurisdiction is conferred on this Court by Section 16(b) of the FLSA and 28 U.S.C. § 1331.

10.     Supplemental jurisdiction over the Illinois statutory claims alleged herein is conferred on this Court by 28 U.S.C. § 1367(a).

11.     Venue is proper as the acts or omissions that gave rise to the claims alleged herein occurred within this judicial district.

12.     Further, venue is proper pursuant to 28 U.S.C. § 1391, as STANLEY'S registered office is located within this judicial district.

**IV.   STATUTORY CONSENT**

13.     The Plaintiff bring this case as a collective action under the FLSA on behalf of herself and the Plaintiff Class, and in accord with Section 16(b) of the FLSA, the Plaintiff has given written consent to bring such an action.

14.     The Plaintiff's Notice of Consent is incorporated herein by reference and attached hereto as **Exhibit A**.

**V.   GENERAL ALLEGATIONS**

15.    At all times relevant to this action, the Defendants, and each of them, severally or in one or more combinations, were the Plaintiff's "employer", within the meaning of Section 3(a) and (d) of the FLSA in that the Defendants, and each of them, were acting directly or indirectly in the interest of the "employer" in relation to the employee plaintiffs represented herein, and are therefore jointly and severally liable for the unpaid wages and other relief sought herein.

16.    At all times relevant to this action, the Defendants, and each of them, severally or in one or more combinations, were the Plaintiff's "employer", within the meaning of Section 3(c) of the IMWL in that the Defendants, and each of them, were acting directly or indirectly in the interest of the "employer" in relation to the employee plaintiffs represented herein, and are therefore jointly and severally liable for the unpaid wages and other relief sought herein.

17.    At all times relevant to this action, the Defendants, and each of them, severally or in one or more combinations, operated, controlled, and/or constituted an enterprise within the meaning of Section 3(r) of the FLSA (the "Enterprise"), which operated a grocery store and/or produce market in this judicial district that did/does business under the name "Stanley's."

18.    The Enterprise may operate, and/or may have operated, additional establishments in this judicial district.

19.    One or more of the Defendants continue(s) to operate the Enterprise to this day.

4

20.     Upon information and belief, the employee members of the Plaintiff Class were routinely traded amongst the several establishments controlled by and/or constituting the Enterprise, including the establishment listed above called "Stanley's," indicating common control of the several establishments.

21.     At all times relevant to this action, the Plaintiff and the Plaintiff Class were "employees" of the Defendants within the meaning of Section 3(e)(1) of the FLSA.

22.     At all times relevant to this action, the Plaintiff and the Plaintiff Class were "employees" of the Defendants within the meaning of Section 3(d) of the IMWL.

23.     The Plaintiff was employed by the Defendants from about April 1, 1999, to about April 21, 2008.

24.     During the course of her employment by the Defendants, the Plaintiff handled goods, including perishable produce and other food products that moved in interstate commerce.

25.     At all times relevant to this action, the Defendants, and/or the Enterprise controlled by the Defendants, engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1)(A) of the FLSA.

26.     During the course of their employment by the Defendants, the Plaintiff and the Plaintiff Class were/are employed as laborers and are not exempt from the overtime wage and minimum wage provisions of the FLSA.

27.     During the course of their employment by the Defendants, the Plaintiff and the Plaintiff Class were/are employed as laborers and are not exempt from the overtime wage and minimum wage provisions of the IMWL.

28.     The Plaintiff and the Plaintiff Class were routinely directed by the Defendants to work, and did so work, in excess of 40 hours per week.

29.     The Defendants often paid the Plaintiff and the Plaintiff Class in cash, rather than by check or otherwise.

30.     The Plaintiff believes the Defendants often paid her and the Plaintiff Class in cash in order to circumvent their obligations under the FLSA, among other reasons.

31.     Upon information and belief, the Defendants failed to keep complete and/or accurate payroll records for the members of the Plaintiff Class.

32.     Upon information and belief, the Defendants failed to keep complete and/or accurate contact information for the members of the Plaintiff Class.

33.     Sending notice of this lawsuit by mail alone (as is typically done in FLSA collective actions) would fail to reach the members of the Plaintiff Class because, given the allegation that the Defendants paid them primarily in cash, the Defendants' employee address records are likely to be incomplete or inaccurate.

34.     In light of the allegations above, notice by newspaper publication in addition to mailed notice would be appropriate in this case.

35.     The members of the Plaintiff Class are primarily Spanish-speaking, and are generally not native speakers of English.  Accordingly, any notice of this lawsuit should be published in Spanish, or in English and Spanish.

## COUNT I
## (Violation of the FLSA)

36.     The Plaintiff hereby re-alleges the foregoing allegations.

37.     The Defendants violated the FLSA by:

a.  upon information and belief, failing to pay some members of the Plaintiff Class for certain hours at a rate equal to or greater than the FLSA's mandatory minimum rate; and

b.  failing to pay the Plaintiff and the Plaintiff Class for certain overtime (in excess of 40 in a given workweek) hours at a rate equal to or greater than one and one-half times the regular rate at which they were employed.

38.     The Defendants willfully violated the FLSA in that they were aware or should have been aware of their obligations under the FLSA, but nevertheless attempted to circumvent its provisions.

39.     The Defendants failed to take affirmative steps to ascertain their obligations under the FLSA.

WHEREFORE the Plaintiff, **IRMA DELGADO**, on behalf of herself and all other employees similarly situated, known and unknown, prays for judgment in her favor and against the defendants, **NORTH ELSTON FRUITS & VEGETABLES, INC.**, **TOULA PANAYOTAROS a/k/a Toula Peters**, **STANLEY PANAYOTAROS a/k/a Stanley Peters**, and **PETER PANAYOTAROS**, and each of them, and for the following relief:

A.  damages in an amount equal to the unpaid minimum wages due and owing to the plaintiffs for each hour the plaintiffs worked, but for which the defendants failed to pay the plaintiffs at a rate equal to or greater than the FLSA's mandatory minimum rate;

B.  damages in an amount equal to the unpaid overtime compensation due and owing to the plaintiffs for each hour the plaintiffs worked in excess of 40 in any given week, but for which the defendants failed to pay the plaintiffs at a rate equal to or greater than one and one-half times the regular rate at which the

plaintiffs were employed (in no case less than one and one-half times the IMWL's mandatory minimum rate);

C.  statutory liquidated damages as allowed by the FLSA;

D.  interest on all amounts awarded;

E.  attorneys' fees, together with costs of suit and collection;

F.  an order directing the defendants to, within 14 days of the entry of said order, provide the names and addresses of all persons currently or formerly employed by the defendants from July 1, 2005, through the present;

G.  an order authorizing the Plaintiff to provide notice of this action to the Plaintiff Class in a form substantially similar to that which is attached hereto as **Exhibit B**;

H.  an order authorizing the Plaintiff to mail "opt-in" consent forms to the Plaintiff Class in a form substantially similar to that which is attached hereto as **Exhibit C;**

I.  an order authorizing the Plaintiff to publish notice of this action in a form substantially similar to that which is attached hereto as **Exhibit D**;

J.  such further relief as may be fair and just in the premises.

## COUNT II
### (Violation of the IMWL)

40.  The Plaintiff hereby re-alleges the foregoing allegations.

41.  The Defendants violated the IMWL by:

a.  failing to pay the Plaintiff for certain overtime (in excess of 40 in a given workweek) hours at a rate equal to or greater than one and one-half times the regular rate at which she was employed.

42.  The Defendants willfully violated the IMWL in that they were aware or should have been aware of their obligations under the IMWL, but nevertheless attempted to circumvent its provisions.

8

43.     The Defendants failed to take affirmative steps to ascertain their obligations under the IMWL.

WHEREFORE the Plaintiff, **IRMA DELGADO**, prays for judgment in her favor and against the defendants, **NORTH ELSTON FRUITS & VEGETABLES, INC.**, **TOULA PANAYOTAROS a/k/a Toula Peters**, **STANLEY PANAYOTAROS a/k/a Stanley Peters**, and **PETER PANAYOTAROS**, and each of them, and for the following relief:

A.  damages in an amount equal to the unpaid overtime compensation due and owing to the plaintiff for each hour the plaintiff worked in excess of 40 in any given week, but for which the defendants failed to pay the plaintiff at a rate equal to or greater than one and one-half times the regular rate at which the plaintiff was employed (in no case less than one and one-half times the IMWL's mandatory minimum rate);

B.  statutory punitive damages as allowed by the IMWL;

C.  interest on all amounts awarded;

D.  costs of suit and collection; and

E.  such further relief as may be fair and just in the premises.

## COUNT III
## (IWPCA and AFWAA claims)

44.     The Plaintiff hereby re-alleges the foregoing allegations.

45.     The Defendants violated the IWPCA by:

a.  failing to pay the Plaintiff for certain overtime (in excess of 40 in a given workweek) hours at a rate equal to or greater than one and one-half times the regular rate upon which the parties had agreed;

b.  failing to pay the Plaintiff certain wages either weekly or biweekly; and/or

c.  failing to pay the Plaintiff certain wages within either 7 days of the close of each relevant workweek, or within 13 days of the close of each relevant biweekly pay-period.

WHEREFORE, the Plaintiff, **IRMA DELGADO**, prays for judgment in her favor and against the defendants, **NORTH ELSTON FRUITS & VEGETABLES, INC., TOULA PANAYOTAROS a/k/a Toula Peters**, **STANLEY PANAYOTAROS a/k/a Stanley Peters**, and **PETER PANAYOTAROS**, and each of them, and for the following relief:

A. an order commanding the defendants to pay the plaintiff any and all overtime compensation the defendants owe the plaintiff for each hour the plaintiff worked in excess of 40 in any given week, but for which the defendants failed to pay the plaintiff at a rate equal to or greater than one and one-half times the regular rate agreed upon by the parties (in no case less than one and one-half times the IMWL's minimum rate);

B. interest on all amounts awarded;

C. reasonable attorneys' fees as allowed by the AFWAA, together with costs of suit and collection; and

D. such further relief as may be fair and just in the premises.

## JURY DEMAND

The Plaintiff, **IRMA DELGADO**, on behalf of herself and all other employees similarly situated, known and unknown, by and through her attorneys of record, hereby demands trial by jury of all issues set forth herein.

Roy P. Amatore, Esq.                          Respectfully submitted,
Paul Luka, Esq.
AMATORE & ASSOCIATES, P.C.        /s/Paul Luka
120 S. State Street · Suite 400                 PAUL LUKA ARDC #6288860
Chicago, IL 60603
312.236.9825 (tel.)
312.236.9826 (fax)

# Exhibit A

## CONSENT TO BE A PARTY PLAINTIFF

The undersigned hereby authorizes and engages Amatore & Associates, P.C. to pursue her claims for unpaid wages, and other relief, against NORTH ELSTON FRUITS & VEGETABLES INC., D/B/A STANLEY'S, and any other who may have employed her in conjunction with said person (collectively the "Employers"), and by the signature below the undersigned hereby consents to be a party plaintiff in a lawsuit brought against the Employers on behalf of himself and all other similarly situated employees, known and unknown.

IRMA DELGADO

# Exhibit
# B

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

**IRMA DELGADO**, on behalf of herself
and all other employees similarly situated,
known and unknown,

      Plaintiffs,

 v.

**NORTH ELSTON FRUITS &
VEGETABLES, INC. d/b/a Stanley's**, an
Illinois corporation, **TOULA
PANAYOTAROS  a/k/a Toula Peters**,
individually, **STANLEY
PANAYOTAROS a/k/a Stanley Peters**,
individually, and **PETER
PANAYOTAROS**, individually,

     Defendants.

**NOTICE OF A LAWSUIT CLAIMING OVERTIME
WAGES UNDER THE FAIR LABOR STANDARDS ACT**

**TO:**  **Persons who have been employed as hourly employees by one of the defendants at
any time between July 1, 2005, and the present, and who believe they were not
compensated at a rate of one and one-half times their regular rate for any hours
they worked in excess of forty (40) in a workweek.**

## I. INTRODUCTION

  The purpose of this Notice is to: (1) advise you that a lawsuit has been filed against
NORTH ELSTON FRUITS & VEGETABLES, INC. d/b/a Stanley's, TOULA
PANAYOTAROS  a/k/a Toula Peters, STANLEY PANAYOTAROS a/k/a Stanley Peters, and
PETER PANAYOTAROS ("Defendants"); (2) advise you of your right to join this lawsuit; and
(3) instruct you on the procedure for joining this lawsuit if you choose to do so.  Nothing in this
Notice should be viewed as an admission of wrongdoing.

## II. DESCRIPTION OF THE LAWSUIT

  The plaintiff, IRMA DELGADO ("Plaintiff"), has brought this lawsuit against the
Defendants, claiming that she and other similarly situated individuals worked in excess of  forty
(40) hours for the Defendants and did not receive one and one-half times their regular hourly rate
of pay for those hours over forty (40).  The Defendants deny the Plaintiff's claims.

1

The Federal Fair Labor Standards Act generally requires that employees be paid overtime pay at a rate of one and one-half times their regular hourly rate of pay for all hours worked over forty (40) in any one work week.  The Plaintiff seeks to recover overtime pay for the three (3) years prior to the filing of this lawsuit. The Plaintiff also seeks an additional equal amount as liquidated damages and attorneys' fees and costs.

The Plaintiff believes that her claims against the Defendants have merit.  The Defendants deny that they violated the law. There has been no determination by any Court as to the truth of the factual and legal allegations made against the Defendants.

## III.    WHO MAY JOIN THIS LAWSUIT

If you are currently employed by one of the Defendants as an hourly employee or, if at any time since July 1, 2005, you have been employed by one of the Defendants as an hourly employee and believe that you did not receive overtime pay for hours you worked for Defendants in excess of forty (40) hours in a workweek as described above, you have a right to join this lawsuit as a party plaintiff.  It is entirely your decision whether or not to join this lawsuit.  You are not required to join this case or take any action unless you want to.  It is completely voluntary.  If you have not worked more than forty (40) hours in any week or if you simply do not desire to join this lawsuit for any reason, you need not complete any form or do anything at all.  The Court has decided that the information you have received in this Notice is sufficient for you to make a decision as to whether you wish to join the case.  Neither the Defendants nor the attorney now representing the Plaintiff will be able to give you additional information regarding your decision to join the case.

## IV.    HOW TO JOIN THIS LAWSUIT

If you have been employed by one of the Defendants as an hourly employee at any time between **July 1, 2005, and the present**, and believe that you have not received overtime compensation at a rate of one and one-half times your regular rate for hours worked in excess of forty (40) in a workweek, you may join this suit (that is, you may "opt in" to the lawsuit) by:

    a.    completing the enclosed Notice of Consent to Become a Party Plaintiff form *(the yellow form enclosed)*;

**AND**

    b.    mailing the completed Notice of Consent to the Plaintiff's counsel at the following address:

**STANLEY'S Consent Form**
**c/o Amatore & Associates**
**120 S. State Street/Suite 400**
**Chicago, Illinois 60603**

**DEADLINE:**  In order for you to participate as a Plaintiff in this case, the fully completed Notice of Consent must be received by Plaintiff's Counsel and filed with the Clerk of the Court no later than **[TO BE DETERMINED]**.

2

*Delgado v. North Elston Fruits & Vegetables, Inc., et al.*
NOTICE OF LAWSUIT

**Any delay in such delivery, or any failure to deliver the Consent form, will be your responsibility, and you would not become a plaintiff in this case.**

If you send a Consent form, your continued right to participate in this suit may depend upon a later decision by the District Court that you are a proper plaintiff in accordance with federal law.

## V.      EFFECT OF JOINING OR NOT JOINING THIS SUIT

If you join this lawsuit by filing your Consent, you will be bound by any judgment the Court makes on the issues involved, whether it is favorable or unfavorable to you.

If you choose not to join this lawsuit, you will not be affected by any judgment made by the Court in this case or any action taken by the parties in this case. If you choose not to join in this lawsuit, you are free to file your own lawsuit or do nothing.

## VI.     NO RETALIATION AGAINST YOU IS PERMITTED

If you presently work for any of the Defendants, Federal law prohibits Defendants from retaliating against you by discharging you from employment or taking any other adverse employment action against you because you have exercised your legal right to join this lawsuit or because you have otherwise exercised your rights under the Fair Labor Standards Act.

## VII.    YOUR LEGAL REPRESENTATION IF YOU JOIN

The Plaintiff's attorneys, Amatore & Associates, P.C. (120 S. State Street, Suite 400, Chicago, IL. 60603), will represent you should you elect to join this suit as a plaintiff, unless you otherwise decide to select someone else to represent you. Your attorneys are entitled to receive payment of attorneys' fees and costs from the Defendants if Plaintiff is successful in this lawsuit.

## VIII.   FURTHER INFORMATION

Further information about this suit may be obtained by reviewing the court file at 219 S. Dearborn Street, Chicago, Illinois, United States District Court Clerk's Office, 20th Floor.

**THIS NOTICE AND ITS CONTENTS HAVE BEEN AUTHORIZED BY THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF ILLINOIS. THE FEDERAL DISTRICT COURT HAS TAKEN NO POSITION IN THIS CASE REGARDING THE MERITS OF PLAINTIFF'S CLAIMS OR OF DEFENDANTS' DEFENSES. PLEASE DO NOT CALL OR WRITE THE COURT OR THE CLERK OF THE COURT. THEY CANNOT ANSWER QUESTIONS CONCERNING THIS LAWSUIT OR THIS NOTICE.**

# Exhibit C

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| **IRMA DELGADO**, on behalf of herself and all other employees similarly situated, known and unknown,<br><br>          Plaintiffs,<br><br>   v.<br><br>**NORTH ELSTON FRUITS & VEGETABLES, INC. d/b/a Stanley's**, an Illinois corporation, **TOULA PANAYOTAROS  a/k/a Toula Peters**, individually, **STANLEY PANAYOTAROS a/k/a Stanley Peters**, individually, and **PETER PANAYOTAROS**, individually,<br><br>          Defendants. | |

**NOTICE OF CONSENT TO BECOME A PARTY PLAINTIFF IN A LAWSUIT TO RECOVER OVERTIME WAGES UNDER THE FAIR LABOR STANDARDS ACT**
*(This form must be completed in ink, not pencil)*

This Document is to be sent to:     **STANLEY'S Consent Form**
                                      **c/o Amatore & Associates**
                                      **120 S. State Street/Suite 400**
                                      **Chicago, Illinois 60603**

      I hereby consent to become a plaintiff in the above captioned case filed against the named defendants, NORTH ELSTON FRUITS & VEGETABLES, INC. d/b/a Stanley's, TOULA PANAYOTAROS  a/k/a Toula Peters, STANLEY PANAYOTAROS a/k/a Stanley Peters, and PETER PANAYOTAROS ("Defendants"), under the Fair Labor Standards Act.  I attest that I either am now or, have been at some time since July 1, 2005, an hourly employee for one of the Defendants.

My name is:            _____

                                      *Please Print Name*

My address is:        _____

                                       *Street Address*

                          _____

                                       *City, State, Zip Code*

My telephone number is:     _____

1

Dates Employed:        Start:              End:

Location(s) Employed:  _____

                       _____

My Signature:          _____
                       *Please Sign name*

Date on which I signed
this Notice:           _____
                       *Today's Date*

2

# Exhibit D

## NOTICE OF RIGHT TO JOIN LAWSUIT TO RECOVER UNPAID OVERTIME FROM "STANLEY'S" FOOD STORES

A lawsuit is currently pending against **NORTH ELSTON FRUITS & VEGETABLES, INC. d/b/a Stanley's**, **TOULA PANAYOTAROS a/k/a Toula Peters**, **STANLEY PANAYOTAROS a/k/a Stanley Peters**, and **PETER PANAYOTAROS**, for allegedly failing to pay their employees overtime. The purpose of this notice is to inform you of your right to join this suit.

If you have worked at a "**Stanley's"** store at any time since July 1, 2005, and were not paid overtime, you have a right to join this lawsuit to recover your overtime pay. To be eligible you must have worked more than forty hours in one or more weeks for which you did not get paid at the rate of one-and-one-half times your regular hourly wage.

You are not required to join this case or take any action unless you want to. It is against the law for your employer to fire you in retaliation for joining this lawsuit.

If you wish to join this lawsuit, please contact Dennice Carmona at the law office of Amatore & Associates, P.C. between the hours of 9:00 a.m. and 5:00 p.m., Monday through Friday, at (312) 236-9825 for further instructions on how to join this lawsuit.

**THE COURT HAS TAKEN NO POSITION IN THIS CASE REGARDING THE MERITS OF PLAINTIFF'S CLAIMS OR OF DEFENDANTS' DEFENSES. PLEASE DO NOT CALL OR WRITE THE COURT OR THE CLERK OF THE COURT. THEY CANNOT ANSWER QUESTIONS CONCERNING THIS LAWSUIT OR THIS NOTICE.**